**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

LOUIS HARRINGTON
ADC # 96313                                                                                                    PLAINTIFF

V.                                         1:09CV00009 BSM/HDY

ALEX RUSH, CO-II, North Central Unit,
Arkansas Department of Correction                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who is currently confined at the North Central Unit of the Arkansas Department of Correction, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging constitutional violations during a confrontation with the Defendant, an officer at the unit. The Defendant has filed a Motion to Dismiss (docket entry #19) and Plaintiff has filed his Responses (docket entries ##23 & 26), and the Court will now make its recommendations on the pending request for dismissal.

### I. Standard of Review

In order to withstand a motion to dismiss, a *pro se* plaintiff must set forth enough factual allegations to "nudge their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)(*overruling Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless

whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002)(citations omitted).

Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cr. 2006)("[W]ritten instruments attached to the complaint become part of it for all purposes. *See* Fed.R. Civ.P. 10(c). 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.'")(internal citations omitted).  In order to give Plaintiff the full benefit of a liberal construction of his pleadings, the Court will also consider those attachments and exhibits that have accompanied his other pleadings, including his grievances and responses, in order to gain a more full view of the nature of his allegations.

## II.  Factual Background

In his Complaint (docket entry #2) Plaintiff stated that on July 25, 2008,[1] Defendant Rush called him out of his barracks into the hallway and began yelling at him. According to Plaintiff, Defendant called him a "Black ass nigger" and told him to "get back into the barracks," yelling in

---

[1] Plaintiff's Complaint (docket entry #2) reflects a date of February 28, 2008, but it appears from Plaintiff's exhibits attached to his Motion for Order to Subpoena Conduct Records (docket entry #9) that the incident in question actually occurred on July 25, 2008.  Plaintiff's grievance submitted on the event at issue in this litigation states that the first time Defendant Rush "harassed" him was on or around February 28, 2008.  This behavior was described by Plaintiff in a "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order" (docket entry #6, p. 21) as "stand[ing] up beside me in the chow hall while I am eating."

Plaintiff's face so close it "ma[de] him spit on me, to let you know how close this officer is in my face."  Plaintiff adds that he is "afraid for his life," because "this has not stop[ped and] he stands behind me in the chow hall," causing Plaintiff to "fear for his life at this Unit [from] retaliation from staff members that are friends with this officer."

Plaintiff adds that the Defendant has threatened him, saying, "I am going to get you, black ass nigger, and you cannot do anything about it, so do you think anybody will believe you so you better watch yourself.  If I cannot do it someone will," (docket entry #9, Exh. 1, p. 10), but it is not clear from Plaintiff's statement during what time period this threat was made.  By way of relief Plaintiff asks for punitive damages and a temporary restraining order to be moved to another unit.[2]

### III. Analysis

In his Complaint Plaintiff describes Defendant Rush committing a "battery" by spitting on Plaintiff while he screamed during their confrontation.  While the tort of battery may encompass the acts described in this lawsuit and might be properly pursued in state court, the act of spraying spittle on Plaintiff while yelling at him in his face is not an "actual injury" sufficient to support an excessive force claim under the Fourth Amendment.  *See Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003)("An 'actual injury' must be shown to support an excessive force claim under the Fourth Amendment.")(citation omitted); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(A bruised ear lasting three days did not constitute physical injury for purposes of § 1997e(e)); *Warren v. Westchester County Jail*, 106 F.Supp.2d 559, 569 (S.D.N.Y.2000)(excessive force claim dismissed where inmate's injuries were no more than *de minimis* and thus insufficient to satisfy § 1997e(e)).

---

[2] Plaintiff has raised similar claims – harassment and threatening conduct – in a previously filed case, *Harrington v. Evans et al.,* 1:08CV00068 BSM, in which he also sought injunctive relief in the form of a transfer from the North Central Unit.  That case was dismissed for failure to state a claim on January 27, 2009.  The instant case was filed three days later.

The Eighth Circuit has held that the following examples constitute "actual injury" for the purposes of an excessive force claim: (1) "bruises and a facial laceration"; (2) "bruised knees and elevated blood pressure"; (3) "posttraumatic stress disorder"; or (4) a "single small cut of the lateral right eyelid and small scrapes of the right posterior knee and upper calf." " *Lambert v. City of Dumas*, 187 F.3d 931, 936 (8th Cir. 1999)(citations omitted). Plaintiff's Complaint describes only injury causing him mental and emotional stress. Here, there has been no push, no shove, nor any intentional touching at all: Plaintiff's own description of the events attributes the spit on his face to the nearness of the Defendant's face to his, not to an intentional act of spitting on him.

Plaintiff's charge that he was verbally threatened also fails to state a cognizable claim. It is a long established principle, in this circuit and many others, that "as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. . . .Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits[.]" *Hopson v. Fredericksen,* 961 F. 2d 1374, 1378 (8th Cir. 1992), citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983)*, cert. denied* 464 U.S. 998 (1983). *See also Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993)(allegations that officers threatened to kill inmate not cognizable under Section 1983); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)(holding that "[v]erbal threats do not constitute a constitutional violation"); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); *Barber v. Shock*, No. 4:08CV04117 GTE, 2008 WL 5102000, slip. op. at *2 (E.D. Ark. Dec. 1, 2008)(threats, with tasers aimed at Plaintiff,

did not amount to a constitutional violation because there was no physical injury); *Crenshaw v. City of Defuniak Springs*, 891 F.Supp. 1548, 1555 (N.D.Fla. 1995)("verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983").

> The Eighth Circuit has made exceptions to this rule, however, when the state official engaged in a "brutal" and "wanton act of cruelty" even though no physical harm was suffered. *[Hopson, supra]*(quoting *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986)). In *Burton*, the officer pointed a gun at Burton's head and told him to run so that the officer would have an excuse to shoot him. Holding that Burton had stated a constitutional claim, we observed that "a prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his . . . custodians." Racial bigotry and anger at the prisoner's use of the legal system were implicated in the incident. In *Hopson*, we held to be insufficient for Eighth Amendment claim purposes the allegation that officers seated in the front seat of a patrol car threatened to knock out the back-seat occupant's teeth if he did not start talking. The officers did not threaten Hopson's life, nor did they raise any fist or weapon to Hopson or otherwise take any action to make the threat seem credible. In *Arnold [v. Groose*, 109 F. 3d 1292, 1298 (8th Cir. 1997)], a conspiracy between guards and inmates to kill Arnold was actionable only after an aborted attempt on Arnold's life.

*Irving v. Dormire*, 519 F. 3d 441, 448 (8th Cir. 2008)(some internal citations omitted).  The difference in the instant case, however, and *Irving* and the cases it relied upon, is that in *Irving, Burton*, and *Arnold*, there was conduct in addition to verbal threats on the part of those defendants giving rise to the claim. The defendants in *Irving* were accused of not only threatening the plaintiff's life, but then also opening a cell door to allow another inmate to attack the plaintiff.  This, according to the Court of Appeals, meant that the defendants "intentionally brought danger to the Plaintiff" and were "themselves a large part of the 'conditions posing a substantial risk of serious harm to Irving." Thus, those defendants were not entitled to qualified immunity.  Reading Plaintiff's stated facts as broadly and liberally as possible, there are no allegations in the instant case that indicate Defendant Rush took action in furtherance of his threatening language that  would be analogous to those facts described in *Irving*.

Plaintiff's assertion that he was threatened, without more, falls short of presenting an actionable § 1983 claim. "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997) While the actions Plaintiff has described may be despicable and violate the conduct code of Arkansas Department of Correction employees, at worst this might amount to a violation of prison policy; there is not, however, a federal constitutional liberty interest in having state officers follow state law or procedure. *Kennedy v. Blankenship*, 100 F. 3d 640, 643 (8th Cir. 1996)(citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed, with prejudice, and requested relief be denied.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's request for injunctive relief be DENIED;

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted;

3. All pending motions be DENIED as moot.

DATED this __15__ day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE